IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02828-BNB

JASON E. WALKER,

      Plaintiff,

v.

THE STATE OF COLORADO,
THE CITY OF COLORADO SPRINGS,
TH EL PASO COUNTY SHERIFFS DEPT.,
THE COUNTY OF EL PASO (COLORADO),
SHERIFF TERRY MAKETA,
LEUITENANT [sic] BRANDT,
EX-COMMANDER HILT,
DEPUTY MOTT,
DEPUTY HORTON, and
LEUITENANT [sic] ZANI,

      Defendants.

**F I L E D**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 0 3 2010

GREGORY C. LANGHAM
             CLERK

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Jason E. Walker, is a prisoner in the custody of the Colorado

Department of Corrections who currently is incarcerated at the Buena Vista, Colorado,

correctional facility.  He initiated the instant action by filing *pro se* a civil rights

complaint for money damages and injunctive and declaratory relief pursuant to 42

U.S.C. § 1983.  Mr. Walker has been granted leave to proceed pursuant to the federal

*in forma pauperis* statute, 28 U.S.C. § 1915.

The Court must construe the complaint liberally because Mr. Walker is

representing himself.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v.*

*Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be the

*pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Walker will be directed to file an amended complaint.

Mr. Walker alleges that he was assaulted on August 29, 2007, by a co-inmate, Lamont Howard, also known as "Ice," while they were incarcerated at the El Paso County Criminal Justice Center. He maintains that during the assault, Mr. Howard threatened him verbally. Mr. Walker alleges that Mr. Howard was served either by Deputy Horton or Deputy Mott, named as defendants in this action, with a summons/ticket for the assault. He complains that the summons/ticket contained his personal information, including his full name, date of birth, Social Security number, home address, telephone number, and his mother's and grandmother's home addresses, information he contends should not have been included in the summons/ticket.

Mr. Walker asserts a belief that Mr. Howard later was convicted and imprisoned on various charges, including the assault charge, and alleges that, in February 2008, the El Paso County Sheriff's Office, named as the El Paso County Sheriff's Department, notified him that Mr. Howard had been released from incarceration. He fears for himself and his family based upon Mr. Howard's verbal threat made during the alleged assault. He complains that, although there appears to have been an official report on the assault, no one warned him of any possible danger, including Lieutenant Brandt and Lieutenant Zani, also named as defendants in this action. He makes vague and conclusory allegations that, based upon the inclusion of his personal information on the summons/ticket, he has been subjected to identity theft and his mother has been

subjected to prank telephone calls.   He asserts three claims of constitutional violations based upon these allegations.

He previously raised similar claims against the same defendants in *Walker v. Colorado*, No. 09-cv-01810-ZLW (D. Colo. Oct. 21, 2009), which was dismissed for lack of subject matter jurisdiction because Mr. Walker failed to allege an injury.  "[T]he court is permitted to take judicial notice of its own files and records, as well as facts which are a matter of public record." *Van Woudenberg ex rel. Foor v. Gibson*, 211 F.3d 560, 568 (10th Cir.2000), *abrogated on other grounds by McGregor v. Gibson*, 248 F.3d 946, 955 (10th Cir. 2001).

Mr. Walker is suing improper parties.   He may not sue the State of Colorado. The State of Colorado and its entities are protected by Eleventh Amendment immunity. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Meade v. Grubbs*, 841 F.2d 1512, 1525-26 (10th Cir. 1988).  "It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies." *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994), *overrruled on other grounds by Ellis v. University of Kansas Medical Center*, 163 F.3d 1186 (10th Cir. 1998).  The State of Colorado has not waived its Eleventh Amendment immunity, *see Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988), and congressional enactment of § 1983 did not abrogate Eleventh Amendment immunity, *see Quern v. Jordan*, 440 U.S. 332, 340-345 (1979).  The Eleventh Amendment applies to all suits

3

against the state, and its agencies, regardless of the relief sought. *See Higganbotham v. Okla. Transp. Com'n*, 328 F.3d 638, 644 (10th Cir. 2003).

The El Paso County Sheriff's Department also is not a proper party to this action. Municipalities and municipal entities are not liable under 42 U.S.C. § 1983 solely because their employees inflict injury on a plaintiff. *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993). To establish liability, a plaintiff must show that a policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989). Mr. Walker cannot state a claim for relief under § 1983 merely by pointing to isolated incidents. *See Monell*, 436 U.S. at 694.

Mr. Walker must assert personal participation by each named defendant. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Walker must name and show how named defendants caused a deprivation of his federal rights. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant, such as Sheriff Terry Maketa, may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. Walker may use fictitious names, such as "John or Jane Doe," if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr.

4

Walker uses fictitious names he must provide sufficient information about each defendant so that they can be identified for purposes of service.

The amended complaint Mr. Walker will be directed to file must comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Specifically, Rule 8(a) requires that a complaint "contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8. In order for Mr. Walker to state a claim in federal court, his "complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

5

Mr. Walker, therefore, will be directed to file an amended complaint that alleges specific facts demonstrating how each named defendant personally participated in the asserted constitutional violations.  Accordingly, it is

ORDERED that Plaintiff, Jason E. Walker, file **within thirty days from the date of this order** an amended complaint that complies with the directives of this order.  It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Walker, together with a copy of this order, two copies of the Court-approved Prisoner Complaint form to be used in submitting the amended complaint.  It is

FURTHER ORDERED that the amended complaint shall be titled "Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294.  It is

FURTHER ORDERED that if Mr. Walker fails to file an amended complaint within the time allowed, the complaint and the action will be dismissed without further notice.

DATED February 3, 2010, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

### CERTIFICATE OF MAILING

Civil Action No. 09-cv-02828-BNB

Jason E. Walker
Prisoner No.  85495
Buena Vista Corr. Facility
PO Box 2017
Buena Vista, CO 81211


I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on **2/3/10**

GREGORY C. LANGHAM, CLERK

By: _____
                    Deputy Clerk