IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02828-DME-CBS

JASON E. WALKER,
    Plaintiff,
v.

DEPUTY HORTON,
DEPUTY MOTT,
LIEUTENANT BRANDT,
LIEUTENANT ZANI,
SHERIFF T. MAKETA,
    Defendants.

---

ORDER

---

Magistrate Judge Craig B. Shaffer

    This civil action comes before the court on: (1) Plaintiff Mr. Walker's "Motion for Civil Court Appointed Counsel" (doc. # 24); (2) Mr. Walker's "Motion for Copies to Be Made by the Court for Distribution on the Defendants" (doc. # 25); and (3) Mr. Walker's "Motion for 'Service' on Defendants" (doc. # 26) (all filed on March 17, 2010). Pursuant to the Order of Reference dated March 11, 2010 (doc. # 22) and the memorandum dated March 18, 2010 (doc. # 27), these matters were referred to the Magistrate Judge. The court has reviewed the matters, the entire case file, and the applicable law and is sufficiently advised in the premises.

    First, in light of the court's March 11, 2010 "Order Granting Service by United States Marshal" (doc. # 23), Mr. Walker's request that the Defendants be "served" is unnecessary and moot.

    Second, in light of the court's March 11, 2010 "Order Granting Service by United

1

States Marshal" (doc. # 23), Mr. Walker's request that "copies of the plaintiff[']s Amended Complaint be made by the court, and distributed for 'service' on the Defendants" is also unnecessary and moot. However, from this date forward, Mr. Walker is required to comply with Fed. R. Civ. P. 5(a) and (b) by serving by mail on Defendants' counsel copies of all papers that Mr. Walker files with the court, including an appropriate certificate of service.

Third, indigent civil litigants have no constitutional or statutory right to be represented by a lawyer. *Merritt v. Faulkner*, 697 F.2d 761, 763 (7th Cir. 1983). Pursuant to 28 U.S.C. § 1915(e)(1), the court "may request an attorney to represent any person unable to afford counsel." *See also Johnson v. Howard*, 20 F. Supp. 2d 1128, 1129 (W.D. Mich. 1998) (a court may request counsel to represent an indigent plaintiff in an "exceptional case"). However, § 1915(e)(1) does not authorize "compulsory assignments of attorneys" or "coercive appointments of counsel." *Mallard v. United States District Court for the Southern Dist. of Iowa*, 490 U.S. 296, 300-310 (1989).

Whether to request counsel is left to the sound discretion of the trial court. *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995). "[T]he district court has broad discretion to appoint counsel for indigents . . . , and its denial of counsel will not be overturned unless it would result in fundamental unfairness impinging on due process rights." *Long v. Shillinger*, 927 F.2d 525, 527 (10th Cir. 1991) (applying 28 U.S.C. § 1915(d), amended and renumbered as § 1915(e)(1)) (internal quotation marks and citation omitted). In deciding whether to request counsel for an indigent civil litigant, the district court should evaluate "the merits of a [litigant's] claims, the nature and complexity of the factual issues, and the [litigant's] ability to investigate the facts and

present his claims." *Hill v. Smithkline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (citations omitted). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Hill*, 393 F.3d at 1115 (citation omitted). "Only in those extreme cases where the lack of counsel results in fundamental unfairness will the district court's decision be overturned." *Hill*, 393 F.3d at 1115 (citation omitted).

The court has considered Mr. Walker's request for appointed counsel and all of the appropriate factors. As a *pro se* litigant, Mr. Walker is afforded a liberal construction of his papers. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Contrary to Mr. Walker's characterization, the issues in the case are not particularly complex. Mr. Walker has thus far adequately presented his claims unaided by counsel. At this stage of the proceedings, the court is within its discretion in declining to request counsel to represent Mr. Walker.

Accordingly, IT IS ORDERED that:

1. Mr. Walker's "Motion for Civil Court Appointed Counsel" (doc. # 24) (filed on March 17, 2010) is DENIED.

2. Mr. Walker's "Motion for Copies to Be Made by the Court for Distribution on the Defendants" (doc. # 25) (filed on March 17, 2010) is DENIED as unnecessary and moot.

3. Mr. Walker's "Motion for 'Service' on Defendants" (doc. # 26) (filed on March 17, 2010) is DENIED as unnecessary and moot.

DATED at Denver, Colorado this 18th day of March, 2010.

BY THE COURT:

 s/ Craig B. Shaffer
United States Magistrate Judge