IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02828-DME-CBS

JASON E. WALKER,
        Plaintiff,
v.

DEPUTY HORTON,
DEPUTY MOTT,
LIEUTENANT BRANDT,
LIEUTENANT ZANI, and
SHERIFF T. MAKETA,
        Defendants.

_____

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

Magistrate Judge Craig B. Shaffer

        This civil action comes before the court on Defendants' Motion to Dismiss the

Amended Complaint (filed April 21, 2010) (doc. # 35).  Pursuant to the Order of Reference

dated March 11, 2010 (doc. # 22) and the memorandum dated April 22, 2010 (doc. # 36),

this matter was referred to the Magistrate Judge.  The court has reviewed the Motion, Mr.

Walker's Response (filed May 13, 2010) (doc. # 39), the pleadings, the entire case file, and

the applicable law and is sufficiently advised in the premises.


I.      Statement of the Case

        Mr. Walker is currently incarcerated at the Buena Vista Correctional Complex

("BVCC") in Buena Vista, Colorado.  (*See* doc. # 39 at p. 1 of 44).  Mr. Walker filed the

original Complaint in this civil action on or about December 3, 2009.  (*See* doc. # 4).  On

February 3, 2010, the court ordered Mr. Walker to file an Amended Complaint.  (*See* "Order

1

Directing Plaintiff to File Amended Complaint" (doc. # 12)).

The facts underlying Mr. Walker's Amended Complaint arise out of an assault that occurred in the El Paso County Jail on August 29, 2007. (*See* "Amended Prisoner Complaint" ("AC") (doc. # 16) at p. 5 of 13). During a brief altercation over the television, inmate Lamont Howard punched Mr. Walker in the right eye. Mr. Howard was charged criminally for the assault and disciplined administratively. Deputy Charles Harrington, who witnessed the assault, issued Mr. Howard a criminal summons. As he was filling out the victim information sheet, Deputy Harrington had the summons underneath the victim information form, causing a carbon transfer of a mirror-image of Mr. Walker's personal information, including his full name, date of birth, Social Security number, home telephone number, and home address onto the copy of the summons issued to Mr. Howard. Mr. Walker's home address is also the home address of his mother and grandmother. (*See* AC (doc. # 16) at p. 5 of 13). Mr. Howard brought the information to a sergeant's attention two days later, on August 31, 2007. The sergeant replaced Mr. Howard's copy of the summons with the victim information with a redacted copy. However, Mr. Howard had already memorized Mr. Walker's personal information.

Mr. Walker brings five claims pursuant to 42 U.S.C. §§ 1983, 1985, 1986, and 1988 for violation of the Ninth and Fourteenth Amendments by Defendants for failure to notify him and his family "of the potential dangers that laid ahead of them by the information given out" or protect him and his family. (*See* AC (doc. # 16) at pp. 4-6 of 13). Mr. Walker alleges that "this act led to a phone call (or) calls to the victim[']s & his family[']s home, which put them at risk & in fear for their lives [sic] " and that "either Mr. Howard, (or) others associated with Mr. Howard has tried to contact Mr. Walker (the victim) thru his mother[']s

phone number and address [sic]." (*See* AC (doc. # 16) at pp. 4, 5 of 13). In the pleadings,

Mr. Walker indicates that he is suing Defendants in their official capacities. (*See* AC (doc.

# 16) at pp. 2-3 of 13). In his opposition brief, Mr. Walker states that "the Defendants are

being sued in their individual capacities." (*See* doc. # 39 at p. 4 of 44). Mr. Walker seeks

compensatory, punitive, and nominal damages, and injunctive relief. (*See* AC (doc. # 16)

at p. 13 of 13).


II.    Standard of Review

Defendants have moved to dismiss the Amended Complaint pursuant to Fed. R. Civ.

P. 12(b)(1) and 12(b)(6) on numerous grounds.

> Rule 12(b)(1) empowers a court to dismiss a complaint for lack of
> jurisdiction over the subject matter. Dismissal under Rule 12(b)(1) is not a
> judgment on the merits of a plaintiff's case, but only a determination that the
> court lacks authority to adjudicate the matter. A court lacking jurisdiction
> must dismiss the cause at any stage of the proceeding in which it becomes
> apparent that jurisdiction is lacking. A Rule 12(b)(1) motion to dismiss must
> be determined from the allegations of fact in the complaint, without regard to
> mere conclusory allegations of jurisdiction. The burden of establishing
> subject matter jurisdiction is on the party asserting jurisdiction. Accordingly,
> Plaintiff in this case bears the burden of establishing that this court has
> jurisdiction to hear his claims.

*Stine v. Wiley*, 2008 WL 4277748 *3 (D. Colo. 2008) (internal quotation marks and citations

omitted).[1]

A court may also dismiss a complaint for "failure to state a claim upon which relief

can be granted." Fed. R. Civ. P. 12(b)(6).

> Under Rule 12(b)(6), [d]ismissal is appropriate only if the complaint,
> viewed in the light most favorable to plaintiff, lacks enough facts to state a

---

[1]    Copies of unpublished decisions cited are attached to this Recommendation.

claim to relief that is plausible on its face. A claim is plausible on its face when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.

Although plaintiffs need not provide detailed factual allegations to survive a motion to dismiss, they must provide more than labels and conclusions or a formulaic recitation of the elements of a cause of action. Furthermore, conclusory allegations are not entitled to the assumption of truth.

*Masters v. Gilmore*, 663 F. Supp. 2d 1027, 1037 (D. Colo. 2009) (internal quotation marks and citations omitted).

The court must construe Mr. Walker's pleadings liberally because he is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding allegations of a pro se complaint "to less stringent standards than formal pleadings drafted by lawyers"); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("[a] pro se litigant's pleadings are to be construed liberally") (citations omitted). However, the court cannot be a *pro se* litigant's advocate. *Hall*, 935 F. 2d at 1110. A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated General Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983). *See also Whitney v. State of New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues").

III.     Analysis

A.     Applicable Constitutional Law

In his AC, Mr. Walker alleges violation of the Ninth and Fourteenth Amendments. In his opposition brief to Defendants' Motion to Dismiss, Mr. Walker argues that his rights under the Fourteenth and Fifth Amendments have been violated.

To the extent that Mr. Walker brings his claims pursuant to the Ninth Amendment, the Ninth Amendment provides: "The enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people." U.S. Const. amend. IX. "[T]he Ninth Amendment has not been judged to be a source of individual rights for purposes of stating a claim." *Zhao v. United States*, 91 Fed. Cl. 95, 99 n. 4 (Fed. Cl. 2010) (citations omitted). *See also Jenkins v. C.I.R.*, 483 F.3d 90, 92 (2d Cir. 2007) ("The Ninth Amendment is not an independent source of individual rights. . . ."). Where other amendments, such as the Eighth Amendment, specifically address the mistreatment of prisoners, Ninth Amendment claims are "indisputably meritless." *Parnisi v. Colo. State Hosp.*, 1993 WL 118860, *2 (10th Cir. 1993). As the Ninth Amendment does not protect against any of the alleged violations described in the AC, Mr. Walker fails to state a claim pursuant to the Ninth Amendment.

To the extent that Mr. Walker refers to the Fifth Amendment in his opposition brief, the Fifth Amendment due process clause only protects against due process violations caused by federal government actors. There is no allegation in this civil action of any conduct by federal government actors. The jail where the events occurred is a county facility and its deputies are county employees. As none of the Defendants are subject to the due process clause of the Fifth Amendment, Mr. Walker fails to state a claim pursuant

to the Fifth Amendment.

To the extent that Mr. Walker brings his claims pursuant to the Fourteenth Amendment, he has not specifically alleged whether he was a pre-trial detainee or a convicted prisoner while he was incarcerated at the El Paso County Jail. The rights of pretrial detainees, "those persons who have been charged with a crime but who have not yet been tried on the charge," are controlled by the Fourteenth Amendment, which prohibits punishment "prior to an adjudication of guilt in accordance with due process of law." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979) (footnote omitted); *see also Ingraham v. Wright*, 430 U.S. 651, 672 n. 40 (1977) ("Where the State seeks to impose punishment without such an adjudication, the pertinent constitutional guarantee is the Due Process Clause of the Fourteenth Amendment."). While the Eighth Amendment prohibits the infliction of cruel and unusual punishment upon prisoners, it applies only "after [the State] has secured a formal adjudication of guilt in accordance with due process of law." *City of Revere v. Massachusetts Gen. Hosp.*, 463 U.S. 239, 244 (1983) (internal quotation marks and citation omitted). *See also Bell*, 441 U.S. at 536 n. 17 (Punishment constrained by the Eighth Amendment can be imposed only when it "follow[s] a determination of guilt after trial or plea. . . .").

In *Whitley v. Albers*, 475 U.S. 312, the Supreme Court recognized that the same facts could give rise to both an Eighth Amendment cruel and unusual punishment claim and a substantive due process claim under the Fourteenth Amendment. 475 U.S. 312, 326-27 (1986). However, "the Eighth Amendment, which is specifically concerned with the unnecessary and wanton infliction of pain in penal institutions, serves as the primary source of substantive protection to convicted prisoners . . . ." *Id.* at 327. The Supreme Court has

also concluded that the Fourteenth Amendment affords pretrial detainees protections "at least as great as the Eighth Amendment protections available to a convicted prisoner." *City of Revere*, 463 U.S. at 244 (citation omitted). "Every circuit that has considered the question has concluded that the Eighth Amendment is the primary source of substantive rights of prisoners and that, with regard to the rights of convicted prisoners, the legal standards under the Eighth and Fourteenth Amendments generally are congruous." *Berry v. City of Muskogee, Okl.*, 900 F.2d 1489, 1494 n. 6 (10th Cir. 1990) (citations omitted).

> We agree with the views of the other circuits. Thus, we conclude that the safety and bodily integrity of convicted prisoners implicates both the Eighth Amendment's prohibition against cruel and unusual punishment and the Fourteenth Amendment's substantive protection against state deprivation of life and liberty without due process of law, and that the legal standards under the two amendments are identical under the facts of this case. Because the Eighth Amendment provides the primary source of protection for prisoners, we will, however, refer to the standard as an Eighth Amendment standard.

*Berry*, 900 F.2d at 1494 n. 6 (10th Cir. 1990) (citations omitted).

The Tenth Circuit Court of Appeals has "previously noted that where constitutional protection is afforded under specific constitutional provisions, alleged violations of the protection should be analyzed under those provisions and not under the more generalized provisions of substantive due process." *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996) (citations omitted). *See also DeShaney v. Winnebago County Dep't of Social Servs.*, 489 U.S. 189, 198 n. 5 (1989) ("In Whitley, . . . , we suggested that a similar state of mind [deliberate indifference] is required to make out a substantive due process claim in the prison setting."); *Daniels v. Williams*, 474 U.S. 327, 340 n. 16 (1986) (Stevens, J., concurring in judgments in *Daniels* and *Davidson v. Cannon*, 474 U.S. 344 (1986) ( "in these circumstances [inmate injured in attack by fellow inmate], . . . the substantive

constitutional duties of prison officials to prisoners are defined by the Eighth Amendment, not by substantive due process"); *Patel v. Penman*, 103 F.3d 868, 874 (9th Cir. 1996) ("[W]here a particular amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing a plaintiff's claims.") (citations, internal quotations, and brackets omitted), *overruled in part on other grounds by Unitherm Systems, Inc. v. Swift-Eckrich, Inc.*, 546 U.S. 394 (2006). Mr. Walker's claims are properly addressed as Eighth Amendment claims, as a failure to protect claim is essentially a cruel and unusual punishment claim. *Mohamed v. Tattum*, 380 F. Supp. 2d 1214, 1224 (D. Kan. 2005) (citing *Dowling v. Hannigan*, 968 F. Supp. 610, 612 n. 5 (D. Kan. 1997) (determining that a prisoner's failure to protect claim should be analyzed under the Eighth Amendment standards rather than the Fifth Amendment standards)). *See also Caiozzo v. Koreman*, 581 F.3d 63, 72 (2d Cir. 2009) ("Claims for deliberate indifference to a serious medical condition or other serious threat to the health or safety of a person in custody should be analyzed under the same standard irrespective of whether they are brought under the Eighth or Fourteenth Amendment.").[2] The court therefore applies the Eighth Amendment standard in evaluating Mr. Walker's claims.

---

[2] Mr. Walker has not cited and the court has not found legal authority that Mr. Walker's claims are otherwise "covered by substantive due process." *See Hall v. Zavaras,* 2008 WL 5044553 * 3 (D. Colo. 2008) ("Under both Supreme Court and Tenth Circuit precedent, then, Hall may bring separate § 1983 claims under the Eighth Amendment and the Fourteenth Amendment, provided that the latter claims are 'covered by' substantive due process.") (citation omitted).

B.    Eighth Amendment

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. CONST. Amend. VIII.   Certain conditions of confinement, if they inflict pain unnecessarily and wantonly, may constitute cruel and unusual punishment under the Eighth Amendment. *Whitley v. Albers*, 475 U.S. at 319.  "Prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (internal quotation marks and citation omitted).  "It is not, however, every injury suffered by one prisoner at the hands of another that translates into constitutional liability for prison officials responsible for the victim's safety." *Farmer*, 511 U.S. at 834.  Where an Eighth Amendment claim is based upon conditions of confinement, an inmate must satisfy a two-prong test that (1) the deprivation suffered was "objectively 'sufficiently serious,'" and (2) the defendant had a "sufficiently culpable state of mind" or was "deliberately indifferent" to the inmate's health or safety.  *Farmer*, 511 U.S. at 834 (quoting *Wilson v. Seiter*, 501 U.S. 294, 302-303 (1991).

The objective component of the Eighth Amendment test requires Mr. Walker to show that he is "incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834.  This includes "official conduct that is sure or very likely to cause serious injury at the hands of other inmates." *Benefield v. McDowall*, 241 F.3d 1267, 1272 (10th Cir. 2001) (internal quotation marks and citation omitted).

The subjective component of the Eighth Amendment test requires Mr. Walker to show that Defendants had the culpable state of mind known as "deliberate indifference." *Farmer*, 511 U.S. at 834.  Deliberate indifference requires a higher degree of fault than negligence or even gross negligence. *Berry v. City of Muskogee, Oklahoma*, 900 F.2d

1489, 1495-96 (10th Cir. 1990) (citation omitted).   An official acts with deliberate indifference if his or her conduct "disregards a known or obvious risk that is very likely to result in the violation of a prisoner's constitutional rights."  *Berry*, 900 F.2d at 1496.  "[A] prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it."  *Farmer*, 511 U.S. at 847.  *See also Barrie v. Grand County, Utah*, 119 F.3d 862, 869 (10th Cir. 1997).  "To be guilty of deliberate indifference, the defendant must know he is creating a substantial risk of bodily harm."  *Green v. Branson*, 108 F.3d 1296, 1302 (10th Cir. 1997) (internal quotation marks and citation omitted).

In addition to the objective and subjective elements, a plaintiff must produce evidence of serious or significant injury resulting from the challenged cruel and unusual prison conditions.  *See Strickler v. Waters*, 989 F.2d 1375, 1380-81 (4th Cir. 1993) (when a plaintiff fails to allege that he sustained an injury requiring medical treatment his claim must be dismissed).  Something more than a *de minimis* injury is required.  *See Hudson v. McMillian*, 503 U.S. 1, 9-10 (1992) ("The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force . . . .") (internal quotation marks and citation omitted).  While "the Eighth Amendment may be implicated not only [by] physical injury, but also by the infliction of psychological harm," the "actual extent of any physical injury, threats or psychological injury is pertinent in proving a substantial risk of serious harm."  *Benefield*, 241 F.3d at 1272.

Mr. Walker does not allege that Defendants failed to protect him from the August 29, 2007 assault by Mr. Howard.  Rather, he alleges that Defendants failed to notify him and

his family "of the potential dangers that laid ahead of them by the information given out" or protect him and his family. (*See* AC (doc. # 16) at pp. 4-6 of 13). Mr. Walker alleges that Defendants' failure to notify him and his family "led to a phone call (or) calls to the victim[']s & his family[']s home, which put them at risk & in fear for their lives [sic]." (*See id.*).

Mr. Walker's conclusory allegations fail to state a substantial risk of serious harm. Mr. Walker has not alleged that Mr. Howard ever acted on his alleged verbal threat. Mr. Walker has not alleged that he has received any specific threats at his home address. Mr. Howard learned Mr. Walker's personal information in August of 2007. Mr. Walker is currently incarcerated at BVCC. As of this date three years later, Mr. Walker has not alleged that the unspecified phone calls to his family's home have resulted in any actual harm to anyone. Mr. Walker has not alleged any conduct by Mr. Howard to support that a credible threat exists against him. Mr. Walker has alleged only that "either Mr. Howard, (or) others associated with Mr. Howard has tried to contact Mr. Walker (the victim) thru his mother[']s phone number and address [sic]." (*See* AC (doc. # 16) at pp. 4, 5 of 13). The mere fear of assault that Mr. Walker alleges does not constitute cruel and unusual punishment. The Eighth Amendment reaches conduct that "is sure or very likely to cause serious injury at the hands of other inmates." *Benefield*, 241 F.3d at 1272 (internal quotation marks and citation omitted). *See also McBride v. Deer*, 240 F.3d 1287, 1291 n. 3 (10th Cir. 2001) ("[A]cts or omissions resulting in an inmate being subjected to nothing more than threats and verbal taunts do not violate the Eighth Amendment."); *Riddle v. Mondragon*, 83 F.3d 1197, 1205 (10th Cir. 1996) (allegations that Plaintiff is constantly in fear of his life by physical assaults from other inmates who may discover his crime as a sex offense at any time fail to state an Eighth Amendment claim for alleged failure to protect

the plaintiffs' safety); *Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987) (The mere threat of future bodily harm to a prisoner may not provide a basis for a cognizable Eighth Amendment claim.). Mr. Walker's allegations of an inchoate harm do not state any injury plausibly "sufficiently serious to constitute a deprivation of constitutional dimension," *Self v. Crum*, 439 F.3d 1227, 1230 (10th Cir. 2006) (internal quotation marks and citation omitted) or to meet the purpose of limiting claims "to significant, as opposed to trivial, suffering." *Mata v. Saiz*, 427 F.3d 745, 753 (10th Cir. 2005). *See also Riley v. Jeffes*, 777 F.2d 143, 147 (3d Cir. 1985) (alleged injuries do not rise to the level of "serious harm," and do not state a "pervasive risk of harm" from a single incident).

Mr. Walker's subjective fear of Mr. Howard fails to set forth an excessive risk to his safety that the Defendants disregarded. Even after a prisoner has been assaulted, a section 1983 action does not lie against prison officials unless they had actual or constructive knowledge that such an attack would take place. Other than the allegation that Mr. Howard knew Mr. Walker's personal information on or about August 31, 2007, there is no allegation that Defendants had any knowledge that Mr. Walker would be subjected to any risk of harm from Mr. Howard. Mr. Walker presents no facts that Mr. Howard posed a substantial risk of harm to him or that Defendants drew such an inference and disregarded it. Nor has Mr. Walker alleged that Defendants were aware of any threat of harm to him from "others associated with Mr. Howard." Defendants could not have been deliberately indifferent to Mr. Walker's health or safety. Mr. Walkers' Eighth Amendment claim is properly dismissed for failure to state a claim for which relief can be granted.[3]

---

[3] To the extent Mr. Walker alleges Defendants' failure to protect members of his family, specifically his mother and grandmother, his family members are not parties to

C.    Statute of Limitations

Defendants argue that Mr. Walker's claims are barred by the statute of limitations. To determine the timeliness of a claim under § 1983, federal courts must look to the applicable state statute of limitations. *Blake v. Dickason*, 997 F.2d 749, 750 (10th Cir. 1993). *See also Mondragon v. Thompson*, 519 F.3d 1078, 1082 (10th Cir. 2008) ("The statute of limitations is drawn from the personal-injury statute of the state in which the federal district court sits."). Colorado law provides a two-year statute of limitations for actions brought pursuant to § 1983. *See* Colo. Rev. Stat. § 13-80-102(g) (establishing a two-year limitation period for "all actions upon liability created by a federal statute where no period of limitation is provided in said federal statute" and for "all other actions of every kind for which no other period of limitation is provided"); *Blake*, 997 F.2d at 750 (applying § 13-80-102 to § 1983 claim).

The determination of when a § 1983 action accrues is controlled by federal rather than state law. *Smith v. Gonzales*, 222 F.3d 1220, 1222 (10th Cir. 2000) (citation omitted). "Section 1983 claims accrue, for the purpose of the statute of limitations, when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Hunt v. Bennett*, 17 F.3d 1263, 1266 (10th Cir. 1994). *See also Industrial Constructors Corp. v. U.S. Bureau of Reclamation*, 15 F.3d 963, 969 (10th Cir. 1994) ("The statute of limitations begins to run when the plaintiff knows or has reason to know of the existence and cause of injury which is the basis of his action.") "[I]t is not necessary that a claimant know all of the evidence

_____

this litigation.  Further, although Mr. Walker has the right to appear on his own behalf, he may not represent others in federal court.  *See* 28 U.S.C. § 1654;  *Flymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000).  Any claims based upon the failure to protect Mr. Walker's mother and grandmother are properly dismissed.

ultimately relied on for the cause of action to accrue." *Baker v. Board of Regents of State of Kansas*, 991 F.2d 628, 632 (10th Cir. 1993).

A prisoner's *pro se* complaint alleging a § 1983 action against state prison officials is treated as filed with the court on the date the prisoner gave it to prison authorities for mailing. *See Houston v. Lack*, 487 U.S. 266, 271 (1988). Mr. Walker executed the initial complaint on November 24, 2009. (*See* doc. # 4 at p. 18 of 18). All of Mr. Walker's claims arise from conduct by the Defendants that he alleges occurred on or about August 29, 2007, more than two years before he initiated this civil action and outside the statute of limitations. (*See* AC at p. 5 of 13). *See Hunt*, 17 F.3d at 1266 ("Section 1983 claims accrue, for the purpose of the statute of limitations, when the plaintiff knows or has reason to know of the injury which is the basis of his action."). Thus, under Colorado's applicable two-year statute of limitations provision, Mr. Walker's claims that arise from conduct that he alleges occurred in August 2007 appear to be barred by the statute of limitations.

As an affirmative defense, the statute of limitations may be subject to certain defenses such as waiver, estoppel, or equitable tolling. *See Rotella v. Wood*, 528 U.S. 549, 560 (2000) (federal statutes of limitations "are generally subject to equitable principles of tolling"). However equitable tolling is employed as an "exception, not the rule." *Rotella*, 528 U.S. at 561. The issue of tolling, like the statute of limitations, is governed by Colorado state law. *Hardin v. Straub*, 490 U.S. 536, 539 (1989); *Fratus v. DeLand*, 49 F.3d 673, 675 (10th Cir. 1995). "Once the statute of limitations is raised as an affirmative defense, the burden shifts to the plaintiff to show that the statute has been tolled." *Overheiser v. Safeway Stores, Inc.*, 814 P.2d 12, 13 (Colo. App. 1991). Under Colorado law, there are two circumstances where equitable tolling may apply. The doctrine of equitable tolling

"permits the statute of limitations to be tolled only where the defendant's wrongful conduct prevented the plaintiff from asserting the claims in a timely manner or truly exceptional circumstances prevented the plaintiff from filing the claim despite diligent efforts." *Morrison v. Goff*, 74 P.3d 409, 412-13 (Colo. App. 2003) (citation omitted). *See also Sandoval v. Archdiocese of Denver*, 8 P.3d 598, 604-05 (Colo. App. 2000) ("[i]n order for a statute of limitations to be tolled because of equitable considerations, it is the plaintiff's burden to establish that the defendant's actions prevented her from filing a timely claim.") (citation omitted).

Mr. Walker argues in his opposition brief that on December 18, 2009, he filed a "Motion for Excusable Neglect" with this court, wherein he asked the court to "grant an ('enlargement of time/excusable neglect') to submit any and all properly completed material to comply with the court[']s standards and needs." (*See* doc. # 7 at p. 2 of 2). The court denied Mr. Walker's Motion "as unnecessary." (*See* doc. # 9). The Motion does not allege that the Defendants' wrongful conduct or truly exceptional circumstances prevented Mr. Walker from filing his claims in a timely manner despite his diligent efforts. Mr. Walker's filing of a vague motion regarding time limits is not sufficient to toll the statute of limitations. Further, the Motion was filed after the statute of limitations had run.

"At the motion-to-dismiss stage, a complaint may be dismissed on the basis of a statute-of-limitations defense only if it appears beyond a doubt that Plaintiffs can prove no set of facts that toll the statute." *Tello v. Dean Witter Reynolds, Inc.*, 410 F.3d 1275, 1288 n. 13 (11th Cir. 2005) (internal quotation marks and citations omitted). *See also United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005) (complaint may be dismissed where the "allegations of the complaint itself set forth everything necessary to satisfy the affirmative

15

defense, such as when a complaint plainly reveals that an action is untimely under the governing statute of limitations") (citation omitted); *Bullington v. United Air Lines Co.*, 186 F.3d 1301, 1310 n. 3 (10th Cir. 1999) (noting "that Rule 12(b)(6) is a proper vehicle for dismissing a complaint that, on its face, indicates the existence of an affirmative defense such as noncompliance with the limitations period") (citation omitted), *implicitly overruled on other grounds as recognized by Boyer v. Cordant Technologies*, 316 F.3d 1137, 1140 (10th Cir. 2003). Mr. Walker's own allegations indicate that his claims arose from conduct that occurred in August 2007. Mr. Walker's allegations plainly support dismissal of all of his claims as barred by the statute of limitations.

D.    Qualified Immunity

To the extent that Mr. Walker is suing Defendants in their individual capacities, Defendants raise the defense of qualified immunity. Whether a defendant is entitled to qualified immunity is a legal question. *Wilder v. Turner*, 490 F.3d 810, 813 (10th Cir. 2007), *cert. denied*, 128 S.Ct. 1229 (2008).

> Resolution of a dispositive motion based on qualified immunity involves a two-pronged inquiry. First, a court must decide whether the facts that a plaintiff has alleged or shown make out a violation of a constitutional right. Second, . . . the court must decide whether the right at issue was clearly established at the time of the defendant's alleged misconduct.

*Herrera v. City of Albuquerque*, 589 F.3d 1064, 1070 (10th Cir. 2009) (internal quotation marks and citations omitted). "A reviewing court may exercise [its] sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Id.* "Qualified immunity is applicable unless" the plaintiff can satisfy both prongs of the inquiry. *Id.*

As the court has concluded in this Recommendation that Mr. Walker has failed to state any claim for violation of a constitutional right, Defendants in their individual capacities are entitled to qualified immunity. *See Wilder*, 490 F .3d at 815 (instructing district court on remand to enter judgment in favor of defendant on basis of qualified immunity, where plaintiff failed to carry his burden to show violation of a constitutional right).

E.    Additional Claims

1.    Sections 1985, 1986, and 1988

Mr. Walker alleges causes of action pursuant to 42 U.S.C. §§ 1985, 1986, and 1988 in addition to § 1983. (*See* AC (doc. # 16) at pp. 1, 4 of 13).

Section 1985 outlaws various classes of conspiratorial activity. *Kush v. Rutledge*, 460 U.S. 719, 724 (1983). Section 1985 proscribes any conspiracy to: (1) prevent an officer from performing duties; (2) obstruct justice, or intimidate a party, witness or juror; and (3) deprive persons of rights or privileges. To the extent that Mr. Walker alleges that each Defendant "played a single part in a conspiratorial agenda" (*see* AC (doc. # 16) at pp. 5-7, 9, 11 of 13), his allegations are insufficient to state a conspiracy claim. *See, e.g., Crabtree By and Through Crabtree v. Muchmore*, 904 F.2d 1475, 1481 (10th Cir.1990) ("[T]he rule is clear that allegations of conspiracy must provide some factual basis to support the existence of the elements of a conspiracy: agreement and concerted action."). *See also Snell v. Tunnell*, 920 F.2d 673, 702 (10th Cir.1990) ("The participants in the conspiracy must share the general conspiratorial objective . . . [t]o demonstrate the existence of a conspiratorial agreement it simply must be shown that there was a single plan, the essential nature and general scope of which [was] know[n] to each person who

is to be held responsible for its consequences.") (internal quotation marks and citation omitted). Mr. Walker has provided no facts to support even an inference that some plan or joint action existed between any of the Defendants. *See Durre v. Dempsey*, 869 F.2d 543, 545 (10th Cir. 1989) ("Because plaintiff failed to allege specific facts showing agreement and concerted action among defendants, the district court properly dismissed the conspiracy claim with prejudice."). Nor has Mr. Walker alleged any racial or class-based discriminatory animus. *See Daigle v. Gulf State Utilities Co., Local No. 2286*, 794 F.2d 974, 978-79 (5th Cir. 1986) (§ 1985(2) and (3) require some class-based invidiously discriminatory animus behind conspirators' actions).

Since a § 1986 claim is premised upon the existence of a valid § 1985 claim, any § 1986 claim Mr. Walker brings also fails. *See Wright v. No Skiter Inc.*, 774 F.2d 422, 426 (10th Cir. 1985) (claim under § 1986 "depends on the existence of a valid claim under § 1985"). *See also Mollnow v. Carlton*, 716 F.2d 627, 632 (9th Cir.1983) ("Section 1986 depends on the existence of a claim under § 1985."); *Dowsey v. Wilkins*, 467 F.2d 1022, 1026 (5th Cir. 1972) ("Because of a failure to establish any § 1985 right, the interrelated, dependent cause of action under Section 1986 was also correctly dismissed.").

Section 1988 neither creates rights nor confers jurisdiction. *Barr v. United States*, 478 F.2d 1152 (10th Cir. 1973). *See also Moor v. Alameda County*, 411 U.S. 693, 702 (1973) (Section 1988 does not create an independent cause of action for the protection of civil rights). Further, *pro se* litigants such as Mr. Walker may not recover an award of attorney's fees pursuant to § 1988. *Turman v. Tuttle*, 711 F.2d 148, 149 (10th Cir. 1983).

Accordingly, to the extent that Mr. Walker may be alleging any claims pursuant to 42 U.S.C. §§ 1985, 1986, and 1988, such claims are properly dismissed for failure to state

a claim upon which relief can be granted.

2.    Equal Protection

Mr. Walker argues in his opposition brief to Defendants' Motion that he was deprived of equal protection.  (*See* doc. # 39 at p. 2 of 44).  He has not alleged such a claim in his pleadings.  (*See* AC (doc. # 16)).

The Equal Protection Clause prohibits discrimination by government which either "burdens a fundamental right, targets a suspect class, or intentionally treats one differently than others similarly situated without any rational basis for the difference."  *Vacco v. Quill*, 521 U.S. 793, 799 (1997).  In order to state an equal protection claim, Mr. Walker must allege that he was "similarly situated" to other inmates who are treated differently, and that the difference in treatment was not "reasonably related to legitimate penological interests." *Fogle v. Pierson*, 435 F.3d 1252, 1261 (10th Cir. 2006).  Mr. Walker has not alleged facts sufficient to satisfy these two elements.  Mr. Walker does not allege that he was deprived of a fundamental right.  Nor does Mr. Walker allege that Defendants treated him differently because of any suspect classification.  Mr. Walker has not identified any similarly situated prisoners in his pleadings who were treated differently than he was.  To the extent that Mr. Walker has raised an argument for violation of his equal protection rights, he has not stated a claim upon which relief can be granted.

3.    Procedural Due Process

Mr. Walker argues in his opposition brief to Defendants' Motion that he was deprived of a "post deprivation remedy."  (*See* doc. # 39 at pp. 6, 15 of 44).  He has not alleged such

a claim in his pleadings.  (*See* AC (doc. # 16)).

"In procedural due process claims, the deprivation by state action of a constitutionally protected interest in life, liberty, or property is not in itself unconstitutional; what is unconstitutional is the deprivation of such an interest without due process of law." *Zinermon v. Burch*, 494 U.S. 113, 128 (1990) (internal quotation marks, citation, and footnote omitted).   "The constitutional violation actionable under § 1983 is not complete when the deprivation occurs; it is not complete unless and until the State fails to provide due process."  *Id.  See also Becker v. Kroll*, 494 F.3d 904, 921 (10th Cir. 2007) ("The Supreme Court has held that where pre-deprivation remedies cannot anticipate and prevent a state actor's wrongful act, post-deprivation state tort remedies are adequate to satisfy [procedural] due process requirements.").  A plaintiff cannot raise a § 1983 procedural due process claim where the alleged loss of property resulted from the random and unauthorized actions of a state actor, which made the provision of pre-deprivation process impossible or impracticable, and an adequate state post-deprivation remedy exists.  *Parratt v. Taylor*, 451 U.S. 527, 540-41 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986).  In a § 1983 action for damages resulting from the unauthorized or random deprivation of property without procedural due process the plaintiff has the burden of pleading and proving that state processes, including state damage remedies, are inadequate to redress the claimed wrong.  *See Gillihan v. Shillenger*, 872 F.2d 935, 940 (10th Cir. 1989).

It is not clear what procedural due process Mr. Walker could allege was denied him. Nor has he alleged that state processes are inadequate to redress the claimed wrong. To the extent that Mr. Walker has raised an argument for violation of his procedural due

process rights, he has not stated a claim upon which relief can be granted.

4.    State Law Claims

Mr. Walker alleges that Defendants have violated his "right to protection . . . by constitutional law." (*See* AC (doc. # 16) at pp. 4-7, 9, 11 of 13).  Defendants argue that "[t]o the extent that Plaintiffs' complaint could be read to state any state-law claims under this Court's pendent jurisdiction, . . . Plaintiff has failed to file a notice of claim, as required by Colo. Rev. Stat. § 24-10-109."  The court does not perceive Mr. Walker to be asserting and Mr. Walker does not contend that he is asserting any state law claims.  (*See* doc. # 39 at p. 7 of 44 ("the plaintiff asserts that he doesn't need a notice of claim under a § 1983 civil rights action . . .").  Even if Mr. Walker were asserting any state law claims, because the court recommends dismissal of all the claims over which it has original jurisdiction, the court would further recommend dismissal of any state law claims pursuant to 28 U.S.C. § 1367(c).  While Title 28 U.S.C. § 1367(a) gives the federal district courts supplemental jurisdiction over all other claims that are sufficiently related to the claims within the original federal jurisdiction of district courts, Title 28 U.S.C. § 1367(c) provides:

> "[t]he district courts may decline to exercise supplemental jurisdiction over a
> claim under subsection (a) if --
> . . .
>
> (3) the district court has dismissed all claims over which it has
> original jurisdiction, . . .

To the extent that Mr. Walker is alleging liability for inadequate supervision and training or an unconstitutional policy or custom (*see* AC (doc. # 16) at pp. 9-10 of 13), such claim must also fail.  *See Trigalet v. City of Tulsa, Oklahoma*, 239 F.3d 1150, 1156 (10th

Cir. 2001) (absent a constitutional violation by individual police officers whose conduct directly caused plaintiffs' injuries, no municipal liability could be imposed on City on account of its policies, customs, and/or supervision with regard to the individual defendants); *Webber v. Mefford*, 43 F.3d 1340, 1344-45 (10th Cir. 1994) ("A claim of inadequate training, supervision, and policies under § 1983 cannot be made out against a supervisory authority absent a finding of constitutional violation of the person supervised.") (citations omitted). As the court has concluded in this Recommendation that Mr. Walker has failed to state any claim for violation of a constitutional right, any claim for inadequate supervision and training or an unconstitutional policy or custom must also fail.[4]

For the foregoing reasons, IT IS RECOMMENDED that Defendants' Motion to Dismiss (filed April 21, 2010) (doc. # 35) be GRANTED and that the Amended Complaint be dismissed.[5]

**Advisement to the Parties**

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583

---

[4] Based on the grounds for dismissal set forth in this Recommendation, the court does not reach Defendants' remaining arguments for dismissal.

[5] To the extent that Mr. Walker seeks to include additional Defendants in his AC (*see* doc. # 39 at pp. 38-44 of 44), such claims fail for the same reasons set forth in this Recommendation.

(10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED at Denver, Colorado, this 3rd day of September, 2010.

BY THE COURT:

_s/Craig B. Shaffer_____
United States Magistrate Judge