IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02828-DME-CBS

JASON E. WALKER,

    Plaintiff,
v.

DEPUTY HORTON,
DEPUTY MOTT,
LEUITENANT [sic] BRANDT,
LEUITENANT [sic] ZANI, and
SHERIFF T. MAKETA,

    Defendants.

---

**ORDER ADOPTING IN PART RECOMMENDATION OF MAGISTRATE JUDGE**

---

This matter comes before the Court upon Magistrate Judge Craig Shaffer's Recommendation of September 3, 2010.  [Doc. No. 48.]  Plaintiff Jason E. Walker ("Walker"), at all relevant times an inmate at the El Paso County Criminal Justice Center located in Colorado Springs, Colorado, filed an Amended Complaint against four prison officials and the Sheriff of El Paso County, alleging causes of action under 42 U.S.C. §§ 1983, 1985, 1986, and 1988.  [Doc. No. 16.]  Defendants moved to dismiss under Federal Rule of Civil Procedure 12(b)(1) and (b)(6). [Doc. No. 35.]  Magistrate Judge Shaffer recommended that Defendants' motion be granted. Walker filed a timely objection to the Magistrate Judge's recommendation, in which he also requested additional time to file supplemental objections.  [Doc. 50.]  For the reasons discussed below, this Court denies both Walker's objection and his request for additional time to file supplemental objections, adopts in part the Magistrate Judge's Recommendation, and dismisses Walker's Amended Complaint with prejudice.

1

**I.     Background**

In August 2007, Walker was a prisoner at the El Paso County Criminal Justice Center located in Colorado Springs, Colorado. On August 29, 2007, he was involved in an altercation with another inmate, Lemont Howard, during which Howard punched Walker in the right eye. Howard was restrained by two prison deputies, during which time Howard yelled and cursed at Walker and the deputies.

One of the deputies then issued Howard a summons for third-degree assault and harassment. As the deputy was filling out the victim information sheet, he inadvertently placed the summons underneath, causing Walker's personal information—including his name, social security number, home phone number, and home address—to be carbon copied onto the summons issued to Howard.

On August 31, 2007, Howard informed another deputy that the summons Howard had received contained Walker's personal information. Prison deputies then took the summons, searched Howard's cell for evidence that Howard had copied the information, and admonished him not to use Walker's information in any way. However, Howard told the deputy that he had memorized the information and then recited it from memory.

On December 3, 2009, Walker filed a complaint in the United States District Court for the District of Colorado against numerous governmental entities and individual defendants.[1] On February 3, 2010, Magistrate Judge Boyd Boland ordered Walker to file an amended complaint, finding that the state and municipal defendants were improper parties and that Walker had not

---

[1] Walker had previously filed a pro se complaint in this court based on the same set of facts. This case was dismissed for lack of subject matter jurisdiction on October 21, 2009. See Walker v. Colorado, No. 09-cv-01801, 2009 U.S. Dist. LEXIS 102711 (D. Colo. Oct. 21, 2009).

alleged personal participation by the individual defendants in any violation of Walker's constitutional rights.

On February 25, 2010, Walker filed the Amended Complaint at issue here against five defendants—two prison deputies, two lieutenants, and the sheriff of El Paso County.   Walker pleads causes of action under 42 U.S.C. §§ 1983, 1985, 1986, and 1988, alleging that the defendants violated his rights under the Ninth and Fourteenth Amendments.   Specifically, Walker alleges that the deputies failed to inform him that Howard had received his personal information, despite Howard's "verbal threats on [his] life."   [Doc. 16 at 5-7, 11.]   He also alleges that his mother and grandmother live at the address copied onto the summons, and that this incident "led to a phone call (or) calls to [Walker] & his family[']s home, which put them at risk & in fear for their lives."   [Id. at 4-5.]   Accordingly, Walker alleges that the defendants failed to fulfill their duty to protect Walker and his family from harm.   [Id. at 5-7, 9, 11.]   Walker further alleges that he "is still in fear of some sort of retaliation from the assailant (or) his party."   [Id. at 4.]   With respect to two defendants—Lieutenant Marjorie Zani and Sheriff Terry Maketa—Walker alleges that they failed to properly supervise and train the other defendants.   [Id. at 9-10.]

On April 21, 2010, the defendants filed a motion to dismiss Walker's Amended Complaint under Rule 12(b)(1) and (b)(6).   The defendants set forth at least six bases for dismissal: (1) failure to state a claim under Rule 12(b)(6); (2) lack of standing; (3) expiration of the statute of limitations; (4) failure to exhaust administrative remedies; (5) qualified immunity; and (6) lack of notice of state-law claims.   Walker filed an opposition on May 13, 2010.

On September 3, 2010, Magistrate Judge Shaffer filed a recommendation that Walker's Amended Complaint be dismissed.   Magistrate Judge Shaffer determined, inter alia, that (1) Walker has failed to state a claim for which relief can be granted under 42 U.S.C. §§ 1983,

3

1985, 1986, or 1988; (2) the statute of limitations expired before Walker filed his complaint; and (3) to the extent Walker is suing the defendants in their individual capacities, they are entitled to qualified immunity.

On September 16, 2010, Walker filed an objection to the Magistrate Judge's recommendation.  In his objection, Walker asserts that he has specific objections to the recommendation, but that he is being released from prison and thus does not have time to submit a "proper objection."  [Id. at 2.]  Instead, Walker requests an additional 60-90 days to file a supplemental objection, and briefly asserts objections to the Magistrate Judge's conclusions regarding Walker's putative constitutional law claim and the statute of limitations.  The defendants did not file a response to Walker's objection.

## II.     Standard of Review

Under Federal Rule of Civil Procedure 72(b)(3), a "district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  See also 28 U.S.C. § 636(b)(1)(C) (providing that a party may file written objections to a magistrate's proposed recommendation and that, upon de novo review, the district court may accept, reject, or modify the magistrate's recommendation, and may receive further evidence or recommit the matter to the magistrate with instructions).  However, "a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."  United States v. 2121 E. 30th St., 73 F.3d 1057, 1060 (10th Cir. 1996).

As explained below, this Court need only adopt the Magistrate Judge's recommendation as to Rule 12(b)(6) to conclude that dismissal is appropriate.  Although Walker's stated objections are cursory, construing his filing liberally, this Court concludes that he has filed a timely objection to the Magistrate Judge's recommendation that the Amended Complaint be dismissed for failure to state a claim under Rule 12(b)(6).  Accordingly, this Court must review that recommendation de novo.

In Dias v. City & County of Denver, 567 F.3d 1169, 1179-80 (10th Cir. 2009), the Tenth Circuit summarized the legal standards governing a Rule 12(b)(6) motion to dismiss:

> A complaint will survive dismissal only if it alleges a plausible claim for relief—that is, the [f]actual allegations must be enough to raise a right to relief above the speculative level.  Even so, [g]ranting [a] motion to dismiss is a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice.  Thus, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely.

567 F.3d at 1178 (internal quotation marks omitted)

Finally, because Walker is a pro se litigant, his Amended Complaint is entitled to liberal construction.  See Erickson v. Pardus, 127 S. Ct. 2197, 2200 ( 2007) ("A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." (internal quotation marks and citations omitted)).  "[T]his rule of liberal construction stops, however, at the point at which we begin to serve as his advocate."  United States v. Pinson, 584 F.3d 972, 975 (10th Cir. 2009).  "Although we construe a pro se plaintiff's complaint broadly, the plaintiff still has the burden of alleging sufficient facts on which a recognized legal claim could be based."  Jenkins v. Currier, 514 F.3d 1030, 1032 (10th Cir. 2008) (internal quotation marks omitted).

**III.   Discussion**

   **A.   Walker's Amended Complaint Fails to State a Claim on Which Relief Can Be Granted Because He Does Not Sufficiently Allege a Constitutional Violation.**

      1.   Walker's claims under 42 U.S.C. § 1983

42 U.S.C. § 1983 provides a right of action against any person who, under color of law, deprives one "of any rights, privileges, or immunities secured by the Constitution and laws." "Plaintiffs alleging a violation of § 1983 must demonstrate they have been deprived of a right secured by the Constitution and the laws of the United States, and that the defendants deprived them of this right acting under color of law."   Sigmon v. CommunityCare HMO, Inc., 234 F.3d 1121, 1125 (10th Cir. 2000) (internal quotation marks omitted).

In his Amended Complaint, Walker alleges that the defendants violated his rights under the Ninth and Fourteenth Amendments.[2]   The Ninth Amendment provides that "[t]he enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people."   U.S. Const. amend. IX.   Walker does not allege or explain how the Ninth Amendment is implicated by any of the defendants' conduct.   Moreover, "[t]he Ninth Amendment is not an independent source of individual rights; rather, it provides a rule of construction."   Jenkins v. Comm'r, 483 F.3d 90, 92 (2d Cir. 2007).   Accordingly, Walker has failed to state any cause of action arising from the Ninth Amendment.

Walker similarly does not explain how his rights under the Fourteenth Amendment were violated.   Although "pretrial detainees are protected under the Due Process Clause of the

---

[2] In his opposition to the motion to dismiss, Walker references the Fifth Amendment as well.   However, as the Magistrate Judge recognized, the Fifth Amendment's Due Process Clause applies only to federal government actors.   See, e.g., Smith v. Kitchen, 156 F.3d 1025, 1028 (10th Cir. 1997) ("From the earliest interpretations of this amendment, courts have agreed that the Fifth Amendment protects against actions by the federal government.").   Walker does not allege that any of the defendants in this case are federal actors.

Fourteenth Amendment," McClendon v. City of Albuquerque, 79 F.3d 1014, 1022 (10th Cir. 1996), Walker does not allege that he is a pretrial detainee. Moreover, "[a]lthough the Due Process Clause governs a pretrial detainee's claim of unconstitutional conditions of confinement, the Eighth Amendment standard provides the benchmark for such claims." Craig v. Eberly, 164 F.3d 490, 495 (10th Cir. 1998) (citation omitted).

In Whitley v. Albers, the Supreme Court recognized that the same set of facts could give rise to both an Eighth Amendment cruel-and-unusual-punishment claim and a substantive-due-process claim under the Fourteenth Amendment. 475 U.S. 312, 326-27 (1986). However, the Court clarified that "the Eighth Amendment, which is specifically concerned with the unnecessary and wanton infliction of pain in penal institutions, serves as the primary source of substantive protection to convicted prisoners in cases such as this one, where the deliberate use of force is challenged as excessive and unjustified." Id. at 327.

Subsequent cases have similarly endorsed the principle "that actions which are protected under specific constitutional provisions should be analyzed under those provisions and not under the more generalized provisions of 'substantive due process.'" Berry v. Muskogee, 900 F.2d 1489, 1493 (10th Cir. 1990) (citing Graham v. Connor, 490 U.S. 386 (1989)); see also United States v. Hernandez, 333 F.3d 1168, 1174 (10th Cir. 2003) ("Where a litigant challenges governmental action under the Due Process Clause and under another, more specific constitutional provision, we analyze the claim under the latter, more specific provision."). Indeed, in Berry the Tenth Circuit found that "[e]very circuit that has considered the question has concluded that the Eighth Amendment is the primary source of substantive rights of prisoners and that, with regard to the rights of convicted prisoners, the legal standards under the Eighth and Fourteenth Amendments generally are congruous." 900 F.2d at 1494 n.6 (emphasis omitted).

Accordingly, despite Walker's failure to allege any violation of the Eighth Amendment, the Magistrate Judge construed Walker's complaint liberally and evaluated Walker's claims under the Eighth Amendment standard, concluding that Walker failed to state a claim under this standard. (Doc. 49 at 9-12.)

In this case, however, Walker has expressly disavowed any reliance on the Eighth Amendment for his claims. Not only has he failed to allege any violation of the Eighth Amendment in his Amended Complaint, but in his objection, Walker argues that the Magistrate Judge erred by "voluntarily submitting an Eighth Amendment standard for the plaintiff (of which the plaintiff <u>did not</u> submit)." [Doc. 50 at 2.] Thus, although the Magistrate Judge endeavored to construe Walker's claims liberally to assert a constitutional violation under the Eighth Amendment despite the absence of any explicit reference in the Amended Complaint, Walker affirmatively rejects such a construction. At this point, construing Walker's Amended Complaint to state a claim under the Eighth Amendment in contravention of Walker's explicit representation that he is not asserting such a claim would cross the boundary between liberal construction and acting as the pro se litigant's advocate. See Pinson, 584 F.3d at 975 ("[The] rule of liberal construction stops, however, at the point at which we begin to serve as his advocate."); Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) ("[W]e do not believe it is the proper function of the district court to assume the role of advocate for the pro se litigant.").

Left without an Eighth Amendment claim, Walker cannot state a claim under Section 1983. The only other violations alleged are of the Ninth and Fourteenth Amendments, which, as described above, do not provide a basis for Section 1983 liability in Walker's case. Walker does not allege that the defendants violated any other federal right that would give rise to Section 1983

liability.  Accordingly, Walker's Amended Complaint fails to state a claim and must be dismissed.[3]

2.  Walker's claims under 42 U.S.C. §§ 1985, 1986, and 1988

The Amended Complaint also fails to state a claim under 42 U.S.C. §§ 1985, 1986, or 1988.  Section 1985 provides a right of action against two or more persons who conspire to (1) prevent an officer from performing duties; (2) obstruct justice or intimidate a party, witness, or juror; or (3) deprive persons of rights or privileges.  42 U.S.C. § 1985(1)-(3).  Walker has not alleged that any of the defendants conspired to prevent an officer from performing duties, nor that they conspired to intimidate a party, witness, or juror.  And Walker has not alleged any class-based discriminatory animus, as required to state a claim under Section 1985(3) and the "obstructing justice" prong of Section 1985(2).  See Lessman v. McCormick, 591 F.2d 605, 608 (10th Cir. 1979) (stating that "there must be class-based discriminatory animus" to bring a claim under Section 1985(3) and the obstructing justice prong of Section 1985(2)); see also Brown v. Reardon, 770 F.2d 896, 906 (10th Cir. 1985) ("The Supreme Court has, in our view, consistently required a showing of a class-based animus in order to establish a § 1985 action.").  Moreover, although Walker alleges that each of the defendants "played a single part in a conspiratorial agenda," [Doc. 16 at 5-7, 9, 11], this is insufficient to allege a conspiracy.  See Crabtree v. Muchmore, 904 F.2d 1475, 1481 (10th Cir. 1990) ("[A]llegations of conspiracy must provide some factual basis to support the existence of the elements of a conspiracy: agreement and concerted action.").

---

[3] Even if this Court were to construe Walker's Amended Complaint as stating an Eighth Amendment claim, the Court agrees with the Magistrate Judge's conclusion that Walker has failed to state a claim under that standard.

Section 1986 provides a right of action under certain circumstances against a person who neglects to prevent a conspiracy proscribed by Section 1985. However, liability under Section 1986 is premised upon the existence of a valid claim under Section 1985. See Wright v. No Skiter, Inc., 774 F.2d 422, 426 (10th Cir. 1985) ("[Section 1986] depends on the existence of a valid claim under § 1985."); Brown, 770 F.2d at 905 ("§ 1986 is dependent upon the validity of a § 1985 claim."). Accordingly, because Walker fails to state a valid claim under Section 1985, his Section 1986 claim also fails.

Finally, Section 1988 permits, under certain circumstances, a court to apply state statutory and common law, award attorney's fees, and award expert fees in civil rights cases. 42 U.S.C. § 1988(a)-(c). However, "§ 1988 does not create independent causes of action, it simply defines procedures under which remedies may be sought in civil rights actions." Hidahl v. Gilpin Cnty. Dep't of Soc. Servs., 938 F.2d 1150, 1152 (10th Cir. 1991) (internal quotation marks omitted). Accordingly, Walker has failed to state a claim under Section 1988.

Because Walker has failed to state a claim under 42 U.S.C. §§ 1983, 1985, 1986, or 1988, his Amended Complaint must be dismissed. Accordingly, this Court does not need to reach the remaining bases for dismissal asserted by the defendants and addressed in the Magistrate Judge's recommendation. In addition, in light of Walker's failure to state a claim, this Court finds that any further objections by Walker would be futile, and therefore denies his request for additional time to file supplemental objections. Finally, for the same reasons, the Court finds that amendment of Walker's Amended Complaint would be futile, and therefore dismisses this action with prejudice. See Brereton v. Bountiful City Corp., 434 F.3d 1213, 1219 (10th Cir. 2006) ("A dismissal with prejudice is appropriate where a complaint fails to state a claim under Rule 12(b)(6) and granting leave to amend would be futile.").

**IV.     Conclusion**

The Court ADOPTS in part Magistrate Judge Shaffer's recommendation and DENIES Walker's objection and his request for additional time to file supplemental objections.   The defendants' motion to dismiss [Doc. 35] is GRANTED.   This action is DISMISSED with prejudice.

Dated this ___27th___ day of _____January_____, 2011.


BY THE COURT:

*s/ David M. Ebel*

U. S. CIRCUIT COURT JUDGE